(No. 13950.—Judgment affirmed.)

THE PEOPLE *ex rel.* F. J. Kaiser *et al.* Appellees, *vs.* R. S. HAMILTON *et al.* Appellants.

*Opinion filed October 22, 1921.*

1. HIGHWAYS—*plea of justification must show that reasonable notice was given of hearing to change road district.* Section 41 of the Road and Bridge law omits to fix the length of time notice shall be given for the hearing of a petition to change the boundaries of a road district, but in a *quo warranto* proceeding attacking the organization of a new road district the plea of justification must show that the commissioners gave reasonable notice of such hearing, and the defendants are bound by the allegations of the plea with respect to the time of posting the notices.

2. SAME—*what is reasonable notice of hearing to change boundaries of road district.* In a proceeding under section 41 of the Road and Bridge act for the alteration of the boundaries of a road district or the setting apart of a district as a separate road district at least ten days' notice must be given of the hearing before the board of county commissioners.

3. SAME—*how many notices must be posted under section 41 of Road and Bridge act.* In a proceeding for the alteration of the boundaries of a road district or the setting apart of a separate district by dividing a district, notices must be posted in not less than five of the most public places of the district, and if the alteration affects more than one district then there must be not less than five notices in each of the several road districts interested.

4. QUO WARRANTO—*plea of justification must show valid title to office.* A plea of justification in a *quo warranto* proceeding must show specifically that the defendant has a valid title to the office which is questioned, and the People are not bound to show anything.

APPEAL from the Circuit Court of Morgan county; the Hon. E. S. SMITH, Judge, presiding.

J. O. PRIEST, for appellants.

CARL E. ROBINSON, State's Attorney, WILSON & BUT-LER, and WILLIAM N. HAIRGROVE, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Prior to March 13, 1920, road district No. 8 in Morgan county included all of township 15, north, range 9, west, and half of township 15, north, range 8, west, being the portion which lies in said county. Morgan county is not under township organization. March 6, 1920, a petition was filed with the board of county commissioners asking that township 15, north, range 9, west, be set apart as a separate road district. In accordance with the order of the county commissioners five notices were posted within road district No. 8 giving notice that said petition would be considered by the board on the following Saturday, which was March 13, 1920. The hearing was held and the county commissioners granted the prayer of the petition and created township 15, north, range 9, west, into a new road district, which they named road district No. 17. Subsequently, R. S. Hamilton was elected commissioner for road district No. 17 and Clark Stevenson was elected clerk of said district. June 17, 1920, the State's attorney filed in the circuit court of Morgan county an information in the nature of *quo warranto* inquiring by what right appellants assumed to act as officers of road district No. 17. A plea was filed setting forth the various proceedings by

which road district No. 17 was created and alleging the regular election of appellants to their respective offices. A demurrer was filed to this plea and the demurrer was sustained. Appellants were found guilty of usurping the offices as charged in the information and a judgment of ouster was entered.

Section 41 of the Road and Bridge law provides that counties not under township organization shall be divided into road districts by the county board, and that all such districts, where it is practicable, shall be composed of territory not less than a congressional township. This same section gives the board jurisdiction to alter the boundaries of such districts to suit the convenience of the inhabitants. Such proceeding must be started by the filing of a petition by at least twenty of the legal voters of such road district, which petition must set forth that the district as organized is impracticable and that the convenience of the inhabitants requires a change. Before any alteration or change can be made in the boundaries of an existing road district the board of county commissioners must cause notice to be posted in not less than five of the most public places in the road district or each of the road districts interested in such proposed alterations or changes. (Harker's Ill. Stat. pp. 3719, 3720.) The section omits to fix the length of time notice shall be given, and we must therefore hold that a reasonable time is meant. The amended plea filed by the appellants alleged, among other things: "These defendants further say that on March 13, 1920, pursuant to the filing of said above named petition for the creation of said road district No. 17, the county board of Morgan county, Illinois, entered of record an order for the posting of notices under the said petition." There is no other allegation in the plea as to the time said notices were posted. According to appellants' plea, notices were posted on the day the hearing was had. Under no circumstances can a notice of that character be

construed to be a reasonable notice. Where a defendant to a *quo warranto* proceeding justifies, he must set out his title to the office specifically. He must show on the face of his plea of justification that he has a valid title to the office. (*People* v. *Karr*, 244 Ill. 374.) The People are not bound to show anything. Appellants are bound by the allegations of their plea with respect to the time of posting these notices, and for the reason that the plea does not show that reasonable notice was given the demurrer was properly sustained.

In subsequent hearings under this statute the question will naturally arise: How many days' notice will be held to be a reasonable notice? Under subdivision 6 of the same chapter provision is made for laying out, altering, vacating and widening roads. Section 76 provides that whenever the commissioners shall receive a petition for this purpose they shall give at least ten days' notice of the time and place of the hearing, (Harker's Ill. Stat. p. 3735,) and under section 84 of the same act there is a provision for at least ten days' notice to non-resident owners of the time fixed for hearing proof of damages growing out of the establishing or altering of a road. At no place in the statute do we find a period of less than ten days fixed where notice is required to be given. Section 45 of the same act requires that fifteen days' notice be given of the time and place. of holding any annual or special election under the act. We must hold, therefore, that in proceedings under section 41 at least ten days' notice shall be given of the hearing before the board of county commissioners. If, as in this case, it is sought to divide an existing road district, then notices shall be posted in not less than five of the most public places of said road district. If the alteration or change will affect more than one road district, then there must be not less than five notices posted in each of the several road districts interested.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*